UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re ) | |
| ) | Bankruptcy Case |
| STEPHEN ANGELO SANTORO, ) | No. 17-61454-tmr13 |
| ) | |
| Debtor. ) | |
| STEPHEN ANGELO SANTORO, ) | Adversary Proceeding |
| ) | No. 18-6024-tmr |
| Plaintiff, ) | |
| ) | |
| v ) | |
| ) | MEMORANDUM OPINION |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

  This matter comes before me on two postjudgment motions filed by Plaintiff Stephen Angelo Santoro: a Rule 60 Motion for Relief from Final Judgment (Doc. #31) and a Rule 37 Motion to Compel Ocwen's Production of Documents (Doc. #32). Defendant Ocwen Loan Servicing, LLC., filed a Response to the Motions (Doc. #33) and a Declaration of Thomas N. Abbott (Doc. #34) in support of the Response.

MEMORANDUM OPINION - 1 of 3

Plaintiff filed a Supplement and Reply to Ocwen's Response (Doc. #35). I have reviewed the filed documents, as well as prior documents and rulings in this adversary proceeding, and have determined that I can resolve the Motions without further argument or evidence.

At the hearing for oral argument on Defendant's motion to dismiss this adversary proceeding held on 11/13/2018, I granted the motion to dismiss with prejudice and entered a Judgment of Dismissal with Prejudice on 11/15/2018 (Doc. #26). As part of the hearing, and solely as a convenience to the parties based on the consent of Ocwen, I required Ocwen to provide a response to Mr. Santoro's request for documents. The request for the documents is unrelated to the Judgment of Dismissal and does not affect my determination on the motion to dismiss or otherwise impact this adversary proceeding.

Mr. Santoro now asserts that Ocwen has failed to properly respond and seeks to "postpone entry of final judgment" and to compel production of the missing documents. Federal Rule of Civil Procedure (FRCP) 60, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure (FRBP) 9024, allows for relief from or modification of judgments or orders based on specific reasons such as mistake, newly discovered evidence, or fraud. Mr. Santoro claims that Ocwen's failure to respond amounts to "misconduct by an opposing party" and requires that I delay the effectiveness of the judgment of dismissal until Ocwen produces the requested documents. In some cases, production of documents might relate to entry of a judgment and, in fact, prevent entry of judgment prior to their review. In this case, the documents were not necessary for my ruling on the motion to dismiss, and I find that any dispute over the documents has no impact on the entry of the judgment. That finding is consistent with my ruling at the 11/13/2018 hearing. Further, Ocwen voluntarily consented to respond to the document request in good faith without any requirement to do so in this adversary proceeding.

The Rule 60 motion to modify the judgment directly relates to Mr. Santoro's motion under FRCP 37, made applicable by FRBP 7037, to compel production of documents. He claims Ocwen has again failed to provide the relevant documents. The Abbott Declaration directly contradicts these assertions. In it, Mr. Abbott outlines the responses provided to Mr. Santoro and includes copies of the documents Ocwen provided. I find Ocwen's responses comply with the document request and satisfy my order requirements.

MEMORANDUM OPINION - 2 of 3

Case 18-06024-tmr    Doc 36    Filed 01/02/19

To the extent Mr. Santoro did not receive the documents, he has them now through the Abbott Declaration. In his Reply, Mr. Santoro argues that the August 19, 2015, Limited Power of Attorney is a "fabricated instrument[]." In the context of the motion to dismiss, Mr. Santoro made substantially similar arguments regarding the authenticity of the documents upon which Ocwen bases its proof of claim. But again, this document dispute does not impact entry of the judgment nor the disposition of this adversary proceeding.

Therefore, I find that Ocwen has complied with the terms of my order directing delivery of documents and that it has committed no misconduct related to this matter. Based on that finding, I will deny Mr. Santoro's motion to compel discovery and his motion to delay effectiveness of the judgment of dismissal. I will enter a separate order to that effect.

Thomas M. Renn
Bankruptcy Judge