DISTRICT OF OREGON
**F I L E D**
March 04, 2019
Clerk, U.S. Bankruptcy Court

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>STEPHEN ANGELO SANTORO,<br><br>Debtor. | Case No. 17-61454-tmr13 |
| STEPHEN ANGELO SANTORO,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Adv. Pro. No. 18-6024-tmr<br><br><br><br>MEMORANDUM OPINION |

  This matter comes before me on Plaintiff's Request to the Court to Extend the Time to File an Appeal (Doc. #40) ("Plaintiff's Request"). Defendant filed a Response to the Request (Doc. #41) and a Declaration of Cody M. Weston (Doc. #42) in support of the Response. Plaintiff filed a Reply (Doc. #43) to Defendant's Response. I have reviewed the filed documents, as well as the Judgment of Dismissal with Prejudice (Doc. #26) ("Judgment"), the Memorandum Opinion (Doc. #36) regarding Plaintiff's Rule 60 Motion for Relief from Final Judgment (Doc. #31) ("Rule 60 Motion") and Rule 37 Motion to Compel

MEMORANDUM OPINION - Page 1 of 6

Ocwen's Production of Documents (Doc. #32) ("Rule 37 Motion"), and the Order Denying (Doc. #37) those Motions. I have determined that I may resolve Plaintiff's Request without further argument or evidence.

In his Request Plaintiff does not specify which order or judgment he hopes to appeal. He references "the January 2, 2019 Notice of Dismissal," but there is no such notice on the docket on that or any other date. Because one could reasonably interpret Plaintiff's Request as applying to the deadline to appeal either the Judgment or the Order Denying the Rules 60 and 37 Motions, I will discuss them both in turn.

Judgment of Dismissal

The clerk entered the Judgment on November 15, 2018. The Judgment and the oral ruling upon which it is based resolved and disposed of all claims between the parties. It is a final judgment, effective upon entry, pursuant to Fed. R. Bankr. P. (FRBP) 7052, 7058, and 9021. In his Rule 60 Motion, Plaintiff asked that I "postpone entry of final judgment" based on "misconduct by [Defendant]" in failing to provide copies of servicing documents, as discussed and agreed by counsel at the November 13, 2018, hearing. *See* Summary of Proceedings & Minute Order; Doc. #25. For the reasons outlined in the Memorandum Opinion (Doc. #35) entered on January 2, 2019, I denied the Motion. By operation of Fed. R. Civ. P. 60(c)(2), made applicable via FRBP 9024, the fact that Plaintiff filed the Motion did not affect the Judgment's finality as of November 15, 2018. Although FRBP 8002(b)(1) contemplates a delay in the time allowed for filing an appeal when a party requests relief under FRBP 9024, Plaintiff did not file his Rule 60 Motion within the 14-day period required for applicability of FRBP 8002(b)(1), nor did he request an extension of that 14-day period. Thus, November 15, 2018, is the date on which the appeal period for the Judgment started to run.

FRBP 8002(a) gave Plaintiff 14 days, or until November 29, 2018, to file a notice of appeal of the Judgment. Although FRBP 8002(d) allows for an extension of that period, any party requesting an extension must file a motion within 21 days of the 14-day deadline, and then only upon a showing of excusable neglect. FRBP 8002(d)(1). As such, Plaintiff had until December 20, 2018, to move for an extension. He did not file the Request until January 25, 2019. Therefore, if Plaintiff intends to appeal the Judgment, his Request for an extension of time to do so is untimely and must be denied, notwithstanding his argument regarding excusable neglect.

MEMORANDUM OPINION - Page 2 of 6

Order Denying Rules 37 and 60 Motions

As noted above, Plaintiff suggests that he wishes to appeal documents filed January 2, 2019. The clerk entered both the Memorandum Opinion and the corresponding Order Denying the Rules 37 and 60 Motions on that date. The underlying Motions pertain primarily to Plaintiff's request for copies of servicing and other documents related to the proof of claim asserted by Defendant. Under FRBP 8002(d) Plaintiff had 14 days from the entry of the Order on January 2, 2019, to file an appeal – or until January 16, 2019. He suggests that the 14-day deadline should run from January 5, 2019, the date he received notice of the January 2nd filing. Based on the language in the Rule ("within 14 days after entry"), I disagree. Additionally, FRBP 9022(a) states that "[l]ack of notice of the entry [of a judgment or order] does not affect the time to appeal or relief or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Thus, notice is not relevant to the deadline.

While Plaintiff missed the 14-day deadline, he filed his Request within 21 days of that date and asserts, as required for relief under FRBP 8002(d)(1), that his failure to timely file a notice of appeal was excusable neglect. The Supreme Court states that the determination of what sorts of neglect are excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The relevant factors are "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

Citing the Ninth Circuit Bankruptcy Appellate Panel in *In re Warrick*, 278 B.R. 182, 187 (9th Cir. BAP 2002), Defendant advocates a bright light rule that a pro se litigant's failure to understand and follow the applicable rule is not excusable neglect. This approach overlooks the Supreme Court's reluctance to impose such a clear rule:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under [Fed. R. Civ. P.] 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

MEMORANDUM OPINION - Page 3 of 6

*Pioneer, id.* at 392.

Discussing *Pioneer* as the "leading authority on the modern concept of excusable neglect," the Ninth Circuit states "[w]e recognize that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered; yet the nature of the contextual analysis and the balance of the factors adopted in *Pioneer* counsel against the creation of any rigid rule." *Pincay v. Andrews*, 389 F.3d 853, 855, 859 (9th Cir. 2004) (declining to reverse for abuse of discretion the district court's determination that the misreading of the applicable appeal period by the lawyer's paralegal staff was excusable neglect). "Any rationale suggesting that misinterpretation of an unambiguous rule can never be excusable neglect is, in our view, contrary to [*Pioneer*'s] instruction." *Id.* at 859. Instead, the Court of Appeals states that the trial court is in the best position to "evaluate factors such as whether [movant] had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice if the appeal is not allowed." *Id.* Notwithstanding the above, the court noted that "we agree that a lawyer's mistake of law in reading a rule of procedure is not a compelling excuse." *Id.* at 860.

I must evaluate Plaintiff's Request within this framework. He asserts simply that "Plaintiff assumed that [Fed. R. App. P.] 4, which allows 30 days to file an appeal, also applied to bankruptcy appeals. This was excusable neglect." Applying the *Pioneer* factors, I see no reason, nor does Defendant articulate one, to conclude Defendant would be prejudiced if I granted the Request. Because Plaintiff filed his Request nine days after expiration of the January 16, 2019, appeal deadline, the length of the delay is relatively small and has minimal impact on the judicial proceedings. Regarding good faith, there is nothing in the record to suggest and Defendant does not argue that Plaintiff lacks good faith in bringing the Request. The critical factor is the reason for the delay.

The question is whether Plaintiff's mistaken belief regarding the applicable appeal deadline constitutes excusable neglect such that I should grant his Request and that failure to do so would be unjust. Defendant highlights Plaintiff's law degree and legal research experience, suggesting that he should be held to a higher standard than one that might, theoretically, be imposed for pro se litigants without a legal

MEMORANDUM OPINION - Page 4 of 6

background.  I am not prepared, however, to base my conclusion on what level of proficiency or diligence someone in Plaintiff's position, given his legal experience, should demonstrate in these circumstances. Instead, I come back to the Supreme Court's assertion that "inadvertence, ignorance of the rules, or mistakes construing the rules *do not usually* constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392 (emphasis added).  Notwithstanding the fact that excusable neglect is an elastic concept and that bright light rules are inappropriate, Plaintiff offers no reason, explanation, or other basis to justify deviating from the *usual* conclusion that ignorance of the applicable rule does not constitute excusable neglect.

In considering the factors outlined in *Pincay*, the one I find most relevant is "likelihood of injustice if the appeal was not allowed."  As I outlined in my oral ruling on November 13, 2018, I granted Defendant's Motion to Dismiss (Doc. #4) Plaintiff's claims because of a lack of jurisdiction and Plaintiff's failure to state claims upon which relief could be granted.  At no point in this case did I conduct a discovery conference or otherwise permit the parties to proceed with discovery.  As such, pursuant to Fed. R. Civ. P. 26(d)(1) (applicable via FRBP 7026), Plaintiff was never entitled to discovery.  Even so, as stated in my Memorandum Opinion denying Plaintiff's Rules 37 and 60 Motions, I required Defendant to provide a response to Plaintiff's request for documents "solely as a convenience to the parties" and only because Defendant agreed to provide them.  I explicitly explained that "this document dispute does not impact entry of the judgment nor the disposition of this adversary proceeding."  By his own admission, Plaintiff received 2,335 pages of documents from Defendant.  In that respect, Plaintiff received far more than he was ever entitled to in this adversary proceeding.  Moreover, my denial of the Rule 37 Motion and the instant Request does not foreclose Plaintiff's ability to utilize other legal mechanisms for obtaining documents related to his mortgage.

History of Litigation

Plaintiff's Request and his desire to appeal the outcome in this adversary proceeding appear to be the latest in a long history of similar attempts to re-litigate his claims against Defendant.  As shown in the record and documents supporting Defendant's Motion to Dismiss (Doc. #4), in 2014 Coos County Circuit Court entered a General Judgment of Foreclosure (case no. 13CV0067) against Plaintiff and in favor of

MEMORANDUM OPINION - Page 5 of 6

Defendant, establishing that Defendant is the entity entitled to enforce the promissory note. Plaintiff moved, unsuccessfully, to set aside the General Judgment. He then sued Defendant in Federal District Court (case no. 6:14-cv-00522-TC), asserting numerous claims against Defendant related to the latter's enforcement of the note. After several years of litigation, the district court dismissed Plaintiff's complaint for lack of jurisdiction, based on the *Rooker-Feldman* doctrine and the circuit court's General Judgment of Foreclosure. Plaintiff moved, unsuccessfully, for reconsideration of that ruling.

Within a few months of entry of the order denying his motion for reconsideration in district court, on April 16, 2018, Plaintiff filed this adversary proceeding asserting the same claims he litigated first in state court and then in district court. Consistent with the district court, in the Judgment entered November 15, 2018, I dismissed Plaintiff's Complaint for lack of jurisdiction, based on *Rooker-Feldman* and the circuit court's General Judgment. As I outlined in my oral ruling upon which the Judgment is based, Plaintiff did not request relief under Title 11 that is in the exclusive jurisdiction of the bankruptcy court to grant. Instead, he challenged – and apparently wishes to continue challenging – the basis under state law on which Defendant asserts its right to foreclose on the real property. The substantive relief that Plaintiff seeks can only be found in state court. To grant his current Request would ultimately subject Defendant to further litigation in federal court that it has already successfully defended on multiple occasions. Such an outcome would be an injustice to Defendant.

Conclusion

Therefore, for the above reasons, I find that Plaintiff has failed to show excusable neglect in failing to file a notice of appeal within the time period required under FRBP 8002(a). Based on that finding, I deny Plaintiff's Request to the Court to Extend the Time to File an Appeal under FRBP Rule 8002. I will enter a separate order to that effect.

THOMAS M. RENN
Bankruptcy Judge